**Donald F. HARANTS, Petitioner,**

v.

**UNITED STATES POSTAL SERVICE, Respondent.**

**No. 97–3404.**

United States Court of Appeals, Federal Circuit.

Nov. 26, 1997.

Donald F. Harants, Cleveland, Ohio, pro se.

Brian M. Reimer, United States Postal Service, Legal Policy, Washington, D.C., for respondent. On the brief were Frank W. Hunger, Assistant Attorney General, Civil Division, Department of Justice, Washington, D.C., and R. Andrew German, Managing Counsel, Legal Policy, United States Postal Service.

Before RICH, NEWMAN, and RADER, Circuit Judges.

RADER, Circuit Judge.

Mr. Donald Harants appeals from the decision of the Merit Systems Protection Board, Docket No. CH–0351–95–1007–I–1, 75 M.S.P.R. 415, dismissing his appeal for lack of jurisdiction. Mr. Harants' appeal challenges his demotion by the United States Postal Service (the agency) during its 1995 "compliance" reduction-in-force (RIF). The Board dismissed the appeal because it found that Mr. Harants' demotion was not a RIF action. Because Mr. Harants' demotion was a RIF action, this court reverses and remands.

## BACKGROUND

As part of an agency-wide reorganization in 1992–1993, the agency reassigned Mr. Harants, a preference-eligible employee, from the position of Director, City Operations, PCES–01, in Cleveland, Ohio to the position of Postmaster, EAS–24, in Lansing, Michigan. Even though this placed Mr. Harants in a lower-grade position, the agency provided him with indefinite saved grade and indefinite saved pay. The agency similarly downgraded nearly 7,100 employees. However, in *Robinson v. United States Postal Service,* 63 M.S.P.R. 307 (1994), and *White v. United States Postal Service,* 63 M.S.P.R. 299 (1994), the Board found that the agency should have used RIF procedures to effect its reorganization, and that the agency's placement of preference-eligible employees into lower grade positions, even with saved grade and pay, constituted appealable RIF demotions.

On July 26, 1994, Mr. Harants filed an appeal challenging the agency's action and seeking reinstatement. In that case, the administrative judge relied on *Robinson* and ordered the agency to cancel the demotion action and to retroactively restore Mr. Harants to his former position. *See Harants v. United States Postal Serv.,* No. CH–0351–94–0893–I–1, slip op. at 4 (M.S.P.B. Mar. 17, 1995).

Meanwhile, other downgraded employees had petitioned the Board for enforcement of orders like those granted in *Robinson* and to Mr. Harants. In *Sink v. United States Postal Service,* 65 M.S.P.R. 628 (1994), and *Unhoch v. United States Postal Service,* 66 M.S.P.R. 651 (1995), the Board stayed enforcement of all such final orders until April 18, 1995. By this date, the Board required the agency to cancel the demotions and either reinstate such employees to their former positions or issue them specific "compliance" RIF notices. In August 1994, the agency set up a task force to comply with the Board's order. The task force established competitive areas for its operations, competitive levels for its employees, and followed other RIF-required procedures to effect a "compliance RIF" based on the agency's organizational structure immediately prior to the 1992–1993 reorganization.

The agency sent Mr. Harants a specific RIF notice dated April 17, 1995. It ex-

plained that "effective July 8, 1995, you will be released from the Competitive Level you occupied prior to the 1992–1993 reorganization." In accordance with RIF procedures, the notice stated that Mr. Harants would be reassigned to his "best offer of placement," an EAS–24 position as a manager in Cleveland, also with saved grade and saved pay. However, the notice provided Mr. Harants with the option of declining the "best offer" and remaining in his current position in Lansing, Michigan.

The record shows that Mr. Harants declined the "best offer" on May 19, 1995. The record also shows that subsequently, on July 5, 1995, the agency retroactively cancelled Mr. Harants' 1993 demotion. On July 13, 1995, the agency processed his "reassignment" to Lansing, effective July 8, 1995. On August 5, 1995, Mr. Harants filed this appeal, claiming that his "reassignment" constituted a RIF demotion, and that under the RIF regulations, his "best offer of placement" had been determined incorrectly.

After the administrative judge had conducted a hearing and reversed the agency's action, the parties appealed to the Board, which *sua sponte* dismissed the appeal for lack of jurisdiction. The Board deferred to its recent decision in *Tomasello v. United States Postal Service*, 73 M.S.P.R. 640 (1997), a case with nearly identical facts. In *Tomasello*, the Board noted that a RIF demotion requires that the employee be "released from his or her competitive level." *Id.* at 643. The Board in *Tomasello* reasoned that an agency employee who accepted a reassignment, however, was never released from his competitive level (as scheduled for July 8, 1995) because he accepted a reassignment instead. *See id.* Because Mr. Harants accepted a reassignment before July 8, 1995, the Board ruled that *Tomasello* governed.

## DISCUSSION

The jurisdiction of the Board is limited to agency actions for which the right to appeal is specifically granted by law, rule, or regulation. 5 U.S.C. § 7701(a) (1994); *Saun-*

*ders v. Merit Sys. Protection Bd.*, 757 F.2d 1288, 1290 (Fed.Cir.1985). This court reviews the Board's jurisdictional conclusion de novo. *See King v. Reid*, 59 F.3d 1215, 1217 (Fed.Cir.1995).

The Board's jurisdiction in RIF actions is based on 5 C.F.R. § 351.901. This section states: "An employee who has been furloughed for more than 30 days, separated, or demoted by a reduction in force action may appeal to the Merit Systems Protection Board." The regulations further define "demotion" as "a change of an employee, while serving continuously within the same agency ... (i)[t]o a lower grade ...; or (ii)[t]o a position with a lower rate of pay when both the old and the new positions ... are in different pay method categories." ˙5 C.F.R. § 210.102(b)(4) (1995). In this case, the agency has demoted Mr. Harants within the meaning of the regulation. *See Brown v. United States Postal Serv.*, 58 M.S.P.R. 345 (1993). The question is whether the demotion was effected "by a reduction in force action."

At the outset, this court undertakes to summarize what is *not* at issue in this case. First, there is no question that Mr. Harants' original reassignment in 1993 was a RIF demotion, over which the Board had jurisdiction. In fact, the Board exercised that jurisdiction in ordering the agency to restore him to his previous PCES–01 position. However, the Board has ruled that the agency complied with all orders of this kind by undergoing its "compliance RIF" (i.e., by canceling Mr. Harants' reassignment and issuing him a specific RIF notice). *See Sink v. United States Postal Serv.*, 68 M.S.P.R. 497 (1995).

It is also without question that if Mr. Harants had voluntarily chosen to go to Lansing before the agency took any action in 1993, the Board would have had no jurisdiction over either of his appeals. *See Torain v. United States Postal Serv.*, 83 F.3d 1420, 1422–23 (Fed.Cir.1996) (holding that no appeal rights accrue when an employee voluntarily accepts another agency position before the agency takes any appealable action). It

also follows that if Mr. Harants had voluntarily chosen to stay in Lansing before he received the April 17, 1995 notice, the Board would have lacked jurisdiction. On the other hand, if Mr. Harants had not declined the "best offer" and thereby accepted it for the time being, the Board would have clearly had jurisdiction. *See id.* at 1422 ("A preference-eligible employee of the USPS who has been demoted by a reduction-in-force is entitled to appeal that decision to the MSPB.").

Under the Board's precedent, an assignment to a lower-grade position constitutes a RIF demotion even when the employee voluntarily applies for or is offered an assignment to that position, as long as the assignment was made *after* the agency had informed the employee that his original position had been abolished and that he had not been selected for assignment to a position at his former grade level. *See Hanson v. United States Postal Serv.*, 58 M.S.P.R. 413, 417 (1993) (applied for assignment); *Brown*, 58 M.S.P.R. at 351 (agency offered assignment).

Here, Mr. Harants voluntarily accepted an offer for an assignment to a lower-grade position after he had been informed that his original position had been abolished and that he had not been selected for assignment to a position at his former grade level. This court sees no principled distinction between the situation in *Brown* and the situations in this case and *Tomasello*. Moreover, this court specifically endorses the holding in *Brown*. Accordingly, this court holds that Mr. Harants' assignment to the Lansing EAS–24 position, even though voluntary, was a RIF demotion and the Board has jurisdiction to hear Mr. Harants' appeal.

The Board based its decision on a finding that Mr. Harants had never been released from his competitive level. It is true that a RIF demotion requires an employee to be released from his or her competitive level. However, a release from one's competitive level can result from an assignment other than to one's "best offer of placement." Mr. Harants was released from his competitive

level when he was "reassigned" to the Lansing EAS–24 position effective July 8, 1995. The following passage from *Brown* is illuminating:

> Because the position to which the agency assigned the appellant is at a grade level different from that of his former position, and because positions may not be included in the same competitive level unless they are all at the same grade, see 5 C.F.R. § 351.403(a), we find that the appellant was released from his competitive level.

*Brown*, 58 M.S.P.R. at 348. Similarly, Mr. Harants was released from his competitive level because the position to which the agency assigned him was at a grade level different from that of his former position. The assignment therefore constituted a release from his competitive level.

### COSTS

Each party shall bear its own costs.

### *REVERSED AND REMANDED.*