Michael J. MARCINO, Petitioner,

v.

UNITED STATES POSTAL SERVICE,
Respondent.

No. 03–3161.

United States Court of Appeals,
Federal Circuit.

Sept. 22, 2003.

Michael J. Marcino, of West Palm Beach, Florida, pro se.

Michael S. Dufault, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, for respondent. On the brief were David M. Cohen, Director; Franklin E. White, Jr., Assistant Director; and Kathleen A. Kohl, Attorney.

Before MICHEL, LOURIE, and DYK, Circuit Judges.

DYK, Circuit Judge.

Michael J. Marcino ("the petitioner") seeks review of the decision of the Merit

**1200**

Systems Protection Board ("the Board") dismissing his appeal for lack of jurisdiction. *Marcino v. United States Postal Serv.,* No. AT–3443–01–0622–I–1, slip op. at 7 (M.S.P.B. Oct.2, 2001) (*"Initial Decision "*), *rendered final by Marcino v. United States Postal Serv.,* 93 M.S.P.R. 237, 238 (M.S.P.B. 2003) (*"Final Order "*). We affirm.

## BACKGROUND

This is another case in which a federal employee, whose job was abolished as a result of a reduction in force, successfully bid for a position at a lower grade. The employee now claims that his assignment to the lower grade position was involuntary and that he has been subjected to a demotion that is appealable to the Board.

The petitioner is an employee of the United States Postal Service ("the agency"). In 1997, the petitioner was serving as a flat sorter machine operator at grade level 6 when the agency notified him by letter that his position would be abolished effective March 29, 1997, but he would nonetheless retain his seniority and could "bid on any existing vacancies for which [he was] eligible to bid." The letter further stated that if the petitioner were unsuccessful in bidding for a new position, he would become an "Unassigned Regular Clerk," effective March 29, 1997.

On March 29, 1997, the agency converted the petitioner to an unassigned regular clerk with a saved grade level 6. The petitioner subsequently bid for a position as a flat sorter machine operator at grade level 5 and accepted this position on October 10, 1997.

On May 30, 2001, the petitioner filed an appeal with the Board contending that his conversion to a level 5 sorter constituted an involuntary reduction in grade and that the agency violated his preference eligible rights. *Initial Decision* at 1.

On June 8, 2001, the administrative judge advised the petitioner that the Board lacks jurisdiction over voluntary reductions in grade and that "your appeal will be dismissed unless you amend your petition to allege that your reduction in grade was the result of duress, coercion, or misrepresentation by the agency." *Marcino v. United States Postal Serv.,* No. AT–3443–01–0622–I–1, slip op. at 2 (M.S.P.B. June 8, 2001) (Acknowledgment Order).

On June 28, 2001, the agency moved to dismiss for lack of jurisdiction. The agency conceded that at the time the petitioner accepted his level 5 position, "[a]ll Level 6 positions were being abolished or reverted due to automation and mechanization changes." The agency alleged, however, that pursuant to the national labor agreement between the parties, the petitioner was entitled to retain, and in fact did retain, his grade level 6 until such a time as he failed to bid on a new position at the same grade level. The agency alleged and submitted evidence that the petitioner failed to bid on the two level 6 window clerk positions that were available at the time he bid for his level 5 position. This evidence consisted of job postings as well as posting results from the time the petitioner applied for a level 5 position. The job postings listed two level 6 positions available for bidding, and the posting results indicated that the petitioner had not bid on either of these positions. The agency urged that the petitioner's demotion was voluntary and that there was no adverse action over which the Board had jurisdiction.

The petitioner then amended his petition to allege that at the time he received the letter from the agency, the agency

advised all of us [level 6 sorters] that the level 6 FSM [flat sorter machine operator] scheme positions were abolished

and that level 5 positions would be posted. Anyone that did not bid on the level 5 positions posted would risk the chance on being an unassigned clerk subject to be involuntarily assigned by the agency.

The petitioner also alleged as follows:

The agency placed significant duress on all the FSM [flat sorter machine operator] scheme level 6 clerks to bid on level 5 positions. The agency further coerced the employees when we were advised that failure to bid on a level 5 position [sic], we would be involuntarily reassigned by the agency to any position or tour they deemed fit.

The petitioner did not offer affidavits or other evidence to support these allegations. The petitioner further alleged that, although there were two level 6 window clerk positions available, he did not bid for those positions because he was a 40% disabled veteran and would be unable to stand on his feet all day as those positions required.

On October 2, 2001, in an initial decision, the administrative judge dismissed the appeal for lack of jurisdiction. The administrative judge held that the petitioner's acceptance of the level 5 position was an employee-initiated action and was, therefore, presumed to be voluntary unless the petitioner could establish that it was the result of duress, coercion, or misrepresentation by the agency. *Initial Decision* at 2. The administrative judge determined that although the petitioner was told that his level 6 position was being abolished, he was never actually separated from his position or told that there was no possibility of reassignment for a new position at the same level. *Id.* at 4. According to the administrative judge, the petitioner faced the choice of either awaiting such an appealable adverse action or applying to a new position. But, the administrative judge held, the fact that the petitioner faced unpleasant alternatives did not constitute duress by the agency and did not render the petitioner's decision to bid for the level 5 position involuntary. *Id.* at 6. Consequently, the administrative judge held that "[t]he appellant is not entitled to a hearing because he failed to make a nonfrivolous allegation of facts which, if true, would establish a prima facie case of Board jurisdiction," and dismissed the appeal for lack of jurisdiction. *Id.* at 1.

On October 10, 2001, the petitioner petitioned for Board review of the initial decision. In response, the agency submitted to the Board two new pieces of evidence. The agency submitted job postings indicating that at the time the petitioner bid for the level 5 position, there were forty-eight level 6 positions posted for bidding for which the petitioner could have applied. The agency also submitted a declaration from the agency's Manager of Human Resources, Maxine Bennett ("Bennett declaration"), stating, among other things, that although the agency was abolishing level 6 positions, the agency's standard procedure was to retain level 6 employees at level 6 "unless they failed to bid or apply for an available level 6 position or voluntarily bid an [sic] a lower grade position." Bennett further declared, "[a]t no time did I advise any postal manager or supervisor that any of these employees would or even might be placed in a lower level position."

By an order of January 23, 2003, the Board announced that the two Board members could not agree on the disposition of the petition for review and that, therefore, the initial decision was rendered final. *Final Order* 93 M.S.P.R. at 238. In a separate opinion, Board Member Slavet stated that in her opinion the petitioner had raised non-frivolous allegations to establish jurisdiction and that, therefore, "the Board should remand this case to afford the appellant a jurisdictional hear-

ing [sic]." *Marcino v. United States Postal Serv.*, 93 M.S.P.R. 237, 242–244 (M.S.P.B. 2003) (*Separate Opinion of Beth S. Slavet*) ("*Separate Opinion* "). Member Slavet relied on our decision in *Harants v. United States Postal Service*, 130 F.3d 1466 (Fed.Cir.1997), for the rule that

> an assignment to a lower-grade position is a [reduction in force] ("RIF") demotion, even when the employee voluntarily applies for, or is offered, the assignment, if the assignment was made after the agency had informed the employee that his original position had been abolished and that he had not been selected for assignment to a position at his former grade level.

*Separate Opinion* at 241–42 (citing *Harants*, 130 F.3d at 1469). Member Slavet reasoned that although the letter to the petitioner in the present case did not inform him that he had not been selected for assignment to a position at his former grade level, it neither indicated that the appellant could remain indefinitely at level 6. *Id.* Moreover, the letter stated that the appellant would become an unassigned regular clerk and could be reassigned to another position. *Id.* at 241–42. Finally, the petitioner' had failed to bid on the two level 6 positions, he had alleged that he was incapable of performing these jobs due to his 40% disability. *Id.* at 242. According to Member Slavet, these allegations constituted non-frivolous allegations that the petitioner had been subjected to an involuntary RIF demotion, and the Board should have remanded the appeal to the administrative judge for a "jurisdic-

tional hearing [sic]." *Id.* at 243–44. Alternatively, Member Slavet opined that the designation of the petitioner as an "unassigned regular clerk" with a saved grade of level 6 may have constituted a release from his competitive level and an appealable adverse action in and of itself. *Id.* at 242.

The petitioner timely petitioned for review to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

### I

■ We review decisions of the Board regarding the scope of its jurisdiction without deference. *McCormick v. Dep't of the Air Force*, 307 F.3d 1339, 1340 (Fed.Cir. 2002).

■ In order to establish Board jurisdiction, the petitioner must "make[ ] non-frivolous allegations of jurisdiction supported by affidavits or other evidence." *Dick v. Dep't of Veterans Affairs*, 290 F.3d 1356, 1361 (Fed.Cir.2002).[1]

### II

Under 5 C.F.R. § 351.901, "[a]n employee who has been ... demoted by a reduction in force action may appeal to the Merit Systems Protection Board." 5 C.F.R. § 351.901 (2003). The petitioner contends that his assignment to the level 5 position constituted a demotion from his level 6 position. Even though the petitioner bid for the level 5 position, he contends that his bid was involuntary because the

---

1. We note that Board Member Slavet stated that if the petitioner raised non-frivolous allegations of jurisdiction, the Board should remand the case to the administrative law judge "to afford the appellant a jurisdictional hearing." *Separate Opinion* at 244–45. This is incorrect. "[A]n evidentiary hearing is unnecessary for the conferring of jurisdiction, because whether allegations are 'non-frivolous' is determined by the written record." *Dick*, 290 F.3d at 1361. If the petitioner makes non-frivolous allegations of jurisdiction, he is entitled to a hearing on the merits of his claim, "not a jurisdictional hearing." *Spencer v. Dep't of the Navy*, 327 F.3d 1354, 1356 (Fed.Cir.2003).

agency notified him that his level 6 position was being abolished and that he would be converted to an unassigned regular clerk.

■ Under our precedent, the Board does not have jurisdiction if an employee bids for a lower grade position, unless the agency induced the employee to bid for the lower grade job by informing him (1) that his position had been abolished and (2) that he would not be reassigned to a position at the same grade level. *Knight v. Dep't of Def.*, 332 F.3d 1362, 1368 (Fed.Cir. 2003); *Harants*, 130 F.3d at 1469; *Torain v. United States Postal Serv.*, 83 F.3d 1420, 1423 (Fed.Cir.1996).

In *Torain*, the petitioner was notified by his employing agency that his position would be abolished, and that "although he might be required to accept an assignment at a new geographic location, he was not in danger of being laid off or receiving a reduction in pay or grade." 83 F.3d at 1421. Rather than face the possibility of being transferred to a new geographic location, the petitioner applied for and accepted a lower grade position at his existing geographic location. *Id.* We held that the petitioner's reassignment to the lower grade position was voluntary and, therefore, did not constitute an appealable demotion. Rather, "Torain simply accepted an alternative employment option in lieu of waiting for eventual reassignment. Torain had a choice, and the board properly held that he was bound by that decision." *Id.* at 1423.

Next, in *Harants*, we held that the Board had jurisdiction over a petitioner's voluntary acceptance of an assignment to a lower-grade position after the agency "informed [the petitioner] that his original position had been abolished and that he had not been selected for assignment to a position at his former grade level." 130

F.3d at 1469. In that case we adopted the rule that

an assignment to a lower-grade position constitutes a RIF demotion even when the employee voluntarily applies for or is offered an assignment to that position, as long as the assignment was made *after* the agency had informed the employee that his original position had been abolished and that he had not been selected for assignment to a position at his former grade level.

*Id.* (emphasis in original).

More recently, in *Knight v. Department of Defense*, 332 F.3d 1362 (Fed.Cir.2003), we faced the situation of a petitioner who was notified by her employing agency

that her position had been identified for abolishment, that no vacancy was available for which she was qualified, that no position within three grades of her position existed for which she was qualified but was occupied by another employee with lower retention standing, and, therefore, that she would be separated when the RIF became effective.

*Id.* at 1364 (internal quotation marks and citation omitted). We held that despite the petitioner's application for and acceptance of a lower grade position, the Board had jurisdiction over her appeal, because, under 5 C.F.R. § 351.201(b), she had been "reached for release" before applying for a lower grade position. *Id.* at 1367. That regulation provides for Board jurisdiction "when an agency, at its discretion, chooses to fill a vacancy by an employee who has been reached for release from a competitive level." 5 C.F.R. § 351.201(b) (2003). Following the rule of *Harants*, in *Knight* we held that because the petitioner had been informed that her position had been abolished and that she had not been selected for reassignment at the same grade level, her reduction in grade constituted a

demotion over which the Board had jurisdiction. 332 F.3d at 1368.

The issue in this appeal, therefore, is whether the petitioner raised non-frivolous allegations, supported by affidavits or other evidence, that the agency informed him (1) that his level 6 position was abolished and (2) that he would not be reassigned to a position at the same grade level. If the petitioner has made such non-frivolous allegations, then the Board had jurisdiction under *Harants* and *Knight,* either because his acceptance of the new position was involuntary or because he had been reached for release before the application for the new position was made under 5 C.F.R. § 351.201(b). If the petitioner failed to raise such non-frivolous allegations, then under *Torain,* the Board did not have jurisdiction.

### III

■ The parties do not dispute the fact that the agency informed the petitioner by letter in 1997 that his level 6 sorter position would be abolished. The petitioner further alleged before the Board that he was coerced into bidding for the level 5 position when he was told that "[a]nyone that did not bid on the level 5 positions posted would risk the chance on being an unassigned clerk subject to be involuntarily assigned by the agency." The petitioner also alleged that "[t]he agency further coerced the employees when we were advised that failure to bid on a level 5 position [sic], we would be involuntarily reassigned by the agency to any position or tour they deemed fit."

These statements by the petitioner did not constitute non-frivolous allegations to support jurisdiction for two reasons. First, the petitioner did not support the allegations with affidavits or other evidence. In *Dick* we held that "[t]he Board has jurisdiction over an appeal if the government employee makes non-frivolous allegations of jurisdiction *supported by affidavits or other evidence.*" 290 F.3d at 1361 (emphasis added). Similarly, we concluded in *Dorrall v. Department of Army,* 301 F.3d 1375 (Fed.Cir.2002), that "[n]on-frivolous allegations cannot be supported by unsubstantial speculation in a pleading submitted by petitioner." *Id.* at 1380. Here, the petitioner did not support his assertions.

Second, even were these allegations supported by evidence, they would not establish jurisdiction. The petitioner has not alleged that the agency informed him that he would not be reassigned to a position at the same grade level or that there were no positions available at his grade level, as was the case in *Harants* and *Knight.* Had that been the case, it would have been futile for the petitioner to await his actual separation, and his acceptance of the level 5 position would have been involuntary or, put differently, he would have been reached for release before he applied for the level 5 position. Instead, the petitioner in the present case, like the petitioner in *Torain,* was merely informed that his position was being abolished. The petitioner was then converted to an unassigned regular clerk with a saved grade level. The petitioner had the option of awaiting an appealable adverse action either an actual reduction in grade or being informed by the agency that there were no alternative level 6 positions available. Yet, as in *Torain,* the petitioner "simply accepted an alternative employment option" by bidding for and accepting a position as a level 5 sorter. This decision was voluntary, the petitioner had not been reached for release before his application was made, and his reduction in grade did not constitute an appealable demotion.

### IV

The petitioner relies on the Board's decision in *Yohn v. United States Postal*

*Service,* No. AT–0351–01–0610–I–1 (M.S.P.B. Sept.10, 2001), *rendered final by* 93 M.S.P.R. 231 (M.S.P.B.2003). In that case, involving almost identical facts, an administrative judge found support in the same Bennett declaration as exists in this record for the petitioner's allegation that the agency told him there were no positions available at the same grade. The administrative judge held, "[h]ere, the signed declaration by Ms. Bennett clearly shows that such employees would be assigned to lower level positions." *Id.,* slip op. at 7. Relying on the agency's notice to the petitioner that his position would be abolished and on the petitioner's allegation that the agency informed him there were no positions available at the same grade level, the administrative judge held that the petitioner's acceptance of a lower grade position constituted an involuntary demotion under *Harants. Id.,* slip op. at 4. The Board affirmed by equally divided vote. 93 M.S.P.R. 231. We do not, however, agree that the Bennett declaration supports this result. Nothing in the Bennett declaration suggests that the agency informed the petitioner that there were no positions available at the same grade. To the contrary, the declaration states, "[a]t no time did I advise any postal manager or supervisor that any of these employees would or even might be placed in a lower level position."

While we have concluded that *Yohn* may have been wrongly decided because the Bennett affidavit did not support the administrative judge's conclusion that the employees would be assigned to lower level positions, the fact that the Board reached an inconsistent conclusion in *Yohn* does not support reversal in this case, which, we conclude, was correctly decided. Indeed, the Board does not treat decisions of an administrative judge as precedential, *Nelson v. Federal Deposit Insurance Corporation,* 83 F.3d 1375, 1377 (Fed.Cir.

1996), and its affirmance of such a decision by an equally-divided Board does not change the nature of that decision.

## CONCLUSION

For the foregoing reasons, the decision of the Merit Systems Protection Board is *AFFIRMED.*

## COSTS

No costs.