# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MICHAEL G. BIELUCH,

          Appellant,

        v.

UNITED STATES POSTAL SERVICE,

          Agency.

DOCKET NUMBER
NY-4324-15-0140-I-1

DATE: December 15, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Michael G. Bieluch, Jersey City, New Jersey, pro se.

Leslie L. Rowe, Esquire, New York, New York, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which found that he failed to establish jurisdiction over a reduction in force (RIF) or Veterans Employment Opportunities Act of 1998 (VEOA) appeal, and which denied his Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA) claim on the merits. Generally, we grant petitions such as this

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to find that, even if the appellant had established jurisdiction over a RIF appeal, the issue would be moot, *infra* ¶ 9, we AFFIRM the initial decision.

¶2 The appellant is a preference-eligible PS-09 Building and Equipment Mechanic for the agency. Initial Appeal File (IAF), Tab 10 at 6. On or about January 30, 2015, the agency notified the appellant that there was excess maintenance staff and that his position had been identified for elimination. IAF, Tab 1 at 10. The notification letter informed the appellant that he would be given his choice of available assignments, and if he did not select an assignment, he would become an unassigned regular. *Id*. The letter emphasized several times that, as a preference-eligible veteran, the appellant had a right to retain his wage level and was under no obligation to bid for an assignment at a lower wage level. *Id*. Effective May 21, 2015, the agency assigned the appellant to a PS-04 Laborer Custodial position with saved grade and pay. IAF, Tab 10 at 7, Tab 36 at 5.

¶3 The appellant filed a Board appeal, arguing that the agency violated his rights as a veteran when it made him take the Laborer Custodial position but allowed a nonveteran, junior in seniority employee to transfer to another Building and Equipment Mechanic position. IAF, Tab 1 at 6, Tab 6 at 2, Tab 10 at 7, Tab

13 at 2-3, Tab 15 at 4, Tab 24 at 3-4. He also argued that the agency effectively subjected him to a RIF. IAF, Tab 6 at 2. The appellant waived his right to a hearing. IAF, Tab 28 at 1. During the pendency of the appeal, the agency cancelled the personnel action assigning the appellant to the Laborer Custodial position and restored him to a Building and Equipment Mechanic position. IAF, Tab 19 at 6, Tab 36 at 5. However, the administrative judge declined to dismiss the appeal as moot because the appellant remained in an unassigned regular position, as opposed to his former bid position, and still could obtain relief in that regard under USERRA. IAF, Tab 38, Initial Decision (ID) at 3-4.

¶4        The administrative judge issued an initial decision addressing the appellant's case under three theories: RIF, VEOA, and USERRA. ID. The administrative judge found that the appellant did not suffer an appealable RIF action because he voluntarily applied for, and accepted, the Laborer Custodial position even though the agency had informed him that he had the option to remain an unassigned regular Building and Equipment Mechanic. ID at 4-5. The administrative judge also found that the appellant failed to establish jurisdiction over a VEOA claim because he had not filed a complaint with the Department of Labor (DOL) on the matter. ID at 5-6. Finally, the administrative judge found that the appellant failed to prove his USERRA claim because the comparison employee who received a transfer to another Building and Equipment Manager position previously had applied for the transfer in a process that was open to all employees, including the appellant. ID at 10-11. Thus, the administrative judge determined that the appellant did not establish either that he was treated differently than a similarly situated nonveteran or that his military service was a motivating factor in the agency's action. ID at 11.

¶5        The appellant has filed a petition for review, disputing the administrative judge's findings on his RIF and VEOA claims. PFR File, Tab 1. The agency has not filed a response.

<u>The appellant was not subjected to an appealable reduction-in-force action.</u>

¶6    An agency is required to use RIF procedures when it releases a competing employee from his competitive level by furlough for more than 30 days, separation, demotion, or reassignment requiring displacement, when the release is required because of lack of work or reorganization.  5 C.F.R. § 351.201(a)(2). Voluntary acceptance of a lower-graded position generally does not constitute an appealable RIF action.  *Torain v. U.S. Postal Service*, 83 F.3d 1420, 1422-23 (Fed. Cir. 1996).  However, voluntary acceptance of a lower-graded position may constitute an appealable RIF action if the assignment was made after the agency had informed the employee that his original position had been abolished and that he had not been selected for assignment to a position at his former grade level. *Harants v. U.S. Postal Service*, 130 F.3d 1466, 1469 (1997).  In this case, the agency excessed employees in the appellant's work unit "in order to properly align the staffing."  IAF, Tab 1 at 10.  However, it expressly stated that it was not conducting a RIF and, therefore, the appellant would remain at the same wage level, albeit as an unassigned regular, and that he would not be required to bid for a lower level assignment. *Id.*

¶7    On review, the appellant argues that several affected employees remain in lower-graded positions beyond 30 days and that the agency therefore should have used RIF procedures.  PFR File, Tab 1 at 1-2.  However, there is no evidence regarding the circumstances of these employees' demotions, i.e., that they were involuntary or that the agency informed them that they had not been selected for reassignment to positions at their former grade levels.  Moreover, even if these employees were subjected to appealable RIF actions within the meaning of 5 C.F.R. part 351, this fact is immaterial to a showing that the appellant himself was affected by such an action.  Although the record is not particularly well developed regarding the circumstances of the appellant's acceptance of the Laborer Custodial position, he appears to have indicated that he made the choice to accept that position in lieu of reassignment to another Building and Equipment

Mechanic position in another facility. IAF, Tab 13 at 3. Although the appellant asserts that he lacked sufficient information to make an informed decision, we find that the agency's January 30, 2015 letter was clear enough about what his options were. IAF, Tab 1 at 10. Moreover, there is no indication that the agency supplied the appellant with affirmative misinformation or that it failed to provide him additional information on request. Thus, we find that the appellant's acceptance of that position was voluntary and that the agency had not informed him that he had not been selected for another position at his current grade level. For this reason, we agree with the administrative judge that the appellant was not subjected to an appealable RIF action. *See Cooley v. U.S. Postal Service*, 68 M.S.P.R. 353, 357-58 (1995); *Roche v. U.S. Postal Service*, 67 M.S.P.R. 141, 146-47 (1995), *aff'd*, 80 F.3d 468 (Fed. Cir. 1996).

¶8      The appellant also disputes an analogy that the administrative judge made to his situation and to detail assignments. PFR File, Tab 1 at 1. Specifically, the administrative judge found that the appellant's assignment to the Laborer Custodial position at saved grade and pay for a period of 82 days was tantamount to a temporary detail, and therefore, under Board law, did not constitute an appealable RIF action. ID at 5; IAF, Tab 10 at 7, Tab 26 at 9. The appellant argues, however, that under the agency's rules, a temporary detail is not to exceed 90 days and that other employees affected by the excessing have been serving in lower-graded positions for more than 90 days. PFR File, Tab 1 at 1. Thus, the agency ostensibly subjected them to RIF actions. *Id*. However, we again find that evidence of what happened to other employees during the excessing process is immaterial to whether the appellant himself was affected by an appealable RIF action. In any event, regardless of whether the administrative judge's analogy is accurate, we find that the appellant was not subjected to an appealable RIF action because his acceptance of the Laborer Custodial position was voluntary, and the agency had not informed him that he had not been selected for another position at his current grade level. *Supra* ¶ 7.

¶9        Moreover, even if the appellant's placement in the Laborer Custodial position was an appealable RIF action, we would find that the matter is moot. *See Uhlig v. Department of Justice*, 83 M.S.P.R. 29, ¶ 7 (1999) (stating that an appeal will be dismissed as moot where the appellant has obtained all of the relief he could have obtained had he prevailed before the Board, or where there is no further relief the Board can grant); *Mobery v. Department of the Navy,* 65 M.S.P.R. 110, 113 (1994) (explaining that, when an agency completely rescinds an adverse action after an appeal is filed, the appeal is rendered moot and the Board is divested of jurisdiction).  The undisputed record shows that, during the pendency of the appeal, the agency retroactively canceled the appellant's placement in the Laborer Custodial position and restored him to a Building and Equipment Mechanic position.  IAF, Tab 19 at 6, Tab 36 at 3.  In addition, because the appellant took the Laborer Custodial position at saved grade and pay, it does not appear that he suffered a loss of any pay or benefits.  IAF, Tab 10 at 6, Tab 19 at 6.  We therefore find that the agency's cancellation of the action rendered the appeal moot and the Board could offer the appellant no further relief from an agency RIF action.  *See Flores v. U.S. Postal Service*, 75 M.S.P.R. 546, 547, 552 (1997) (discussing status quo ante relief for a RIF demotion).

The Board lacks jurisdiction over this appeal under VEOA.

¶10        To establish Board jurisdiction over an appeal brought under VEOA, an appellant must, among other things, show that he exhausted his administrative remedy with DOL.  *Graves v. Department of Veterans Affairs*, 117 M.S.P.R. 491, ¶ 8 (2012).   The first step of the exhaustion process is for the appellant to file a complaint with DOL containing a summary of the allegations that form the basis of the complaint.  *Graves*, 117 M.S.P.R. 491, ¶ 8; *see* 5 U.S.C. § 3330a(a)(2)(B).

¶11        On review, the appellant concedes that he did not file a veterans' preference complaint with DOL.  PFR File, Tab 1 at 2.  He argues, however, that before he filed his Board appeal, he discussed the matter with a DOL official who advised

him to file a Board appeal instead of a veterans' preference complaint with DOL. *Id*. The appellant is making this argument for the first time on petition for review even though he had notice of the issue well before the administrative judge issued his initial decision. IAF, Tab 12 at 3-4. Therefore, the Board will not consider it. *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (finding that the Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence).

The appellant did not prove his USERRA claim.

¶12       The administrative judge determined that the appellant failed to prove a USERRA violation. ID at 8-11. Although the appellant does not challenge directly the administrative judge's findings on this claim, we agree with the administrative judge's analysis as to this allegation. To prevail on the merits of a USERRA discrimination claim under 38 U.S.C. § 4311(a), an appellant must prove by preponderant evidence that his uniformed service was a substantial or motivating factor in the agency action. *Burroughs v. Department of the Army*, 120 M.S.P.R. 392, ¶ 5 (2013). Although the administrative judge found that the appellant established jurisdiction over his USERRA claim, ID at 2, he also found that the appellant failed to show that the agency treated him differently than any similarly situated nonveteran or that its actions were otherwise motivated by anti-military animus, ID at 9-11. The appellant does not appear to challenge the administrative judge's finding on this particular point, and for the reasons explained in the initial decision, we agree with the administrative judge that the appellant's USERRA claim must be denied.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to

request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal court.  The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.