**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| ANDREA R. WEISMAN,<br>Appellant, | DOCKET NUMBER<br>DC-0752-17-0274-I-1 |
| v. | |
| DEPARTMENT OF JUSTICE,<br>Agency. | DATE: April 20, 2023 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Andrea R. Weisman</u>, North Chesterfield, Virginia, pro se.

<u>Ted Booth</u>, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her alleged involuntary resignation appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2    Effective May 26, 2015, the appellant resigned from her position as a GS-13 Clinical Psychologist at the Bureau of Prisons, Federal Correctional Complex in Petersburg, Virginia. Initial Appeal File (IAF), Tab 9 at 9. In her resignation letter, she indicated that she was resigning "as a result of health concerns due to ongoing harassment, bullying by [her] supervisor, . . . and lack of protection from anyone in the administration." IAF, Tab 7 at 50. After receiving a January 3, 2017 final agency decision finding, among other things, that the agency did not constructively discharge her in retaliation for protected activity, the appellant timely filed the instant Board appeal and requested a hearing. *Id.* at 28-41; IAF, Tab 1.

¶3    The administrative judge issued a jurisdictional order informing the appellant that the Board lacks jurisdiction over voluntary actions, such as resignations, and directing her to submit evidence and argument amounting to a nonfrivolous allegation that her retirement was involuntary because of duress, coercion, or misrepresentation by the agency. IAF, Tab 3 at 2-3. In response, the appellant alleged that individuals in her chain of command discriminated and

retaliated against her for prior equal employment opportunity (EEO) activity and subjected her to intolerable working conditions that forced her to resign. IAF, Tab 5 at 3, Tab 6 at 3. The agency moved to dismiss the appeal for lack of jurisdiction. IAF, Tab 8.

¶4 In an initial decision, the administrative judge found that the appellant failed to nonfrivolously allege that her resignation was involuntary. IAF, Tab 10, Initial Decision (ID) at 5-10. Therefore, she denied her request for a hearing and dismissed the appeal for lack of jurisdiction. ID at 10-11. The appellant has filed a petition for review of the initial decision, and the agency has responded in opposition. Petition for Review (PFR) File, Tabs 1, 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5 Generally, the Board lacks the authority to review an employee's decision to resign, which is presumed to be a voluntary act. *Brown v. U.S. Postal Service*, 115 M.S.P.R. 609, ¶ 9, *aff'd*, 469 F. App'x 852 (Fed. Cir. 2011). An involuntary resignation, however, is tantamount to a removal and is therefore subject to the Board's jurisdiction. *Vitale v. Department of Veterans Affairs*, 107 M.S.P.R. 501, ¶ 17 (2007). An employee may overcome the presumption of voluntariness by showing that her resignation was the product of misinformation or deception by the agency, or of coercive acts by the agency, such as intolerable working conditions or the unjustified threat of an adverse action. *SanSoucie v. Department of Agriculture*, 116 M.S.P.R. 149, ¶ 14 (2011). If the employee makes a nonfrivolous allegation of jurisdiction, i.e., an allegation that, if proven, could establish the Board's jurisdiction, she is entitled to a hearing at which she must prove jurisdiction by a preponderance of the evidence.[2] *Vitale*, 107 M.S.P.R. 501, ¶ 18.

---

[2] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

¶6     When, as here, an employee alleges that intolerable working conditions forced her to resign, the Board will find her resignation involuntary only if she demonstrates that the agency engaged in a course of action that made working conditions so difficult or unpleasant that a reasonable person in her position would have felt compelled to resign. *Id.*, ¶ 20. The doctrine of coerced involuntariness is "a narrow one" and does not apply if the employee resigns because she "does not want to accept [measures] that the agency is authorized to adopt, even if those measures make continuation in the job so unpleasant . . . that [she] feels that [she] has no realistic option but to leave." *Staats v. U.S. Postal Service*, 99 F.3d 1120, 1124 (Fed. Cir. 1996). The touchstone of the "voluntariness" analysis is whether, considering the totality of the circumstances, factors operated on the employee's decision-making process that deprived her of freedom of choice. *Vitale*, 107 M.S.P.R. 501, ¶ 19.

¶7     Here, in a formal EEO complaint, the appellant alleged that, from November 19, 2014, to January 23, 2015, management officials subjected her to harassment and verbal abuse, denied her request for an EEO representative during meetings, and issued her a letter of counseling in retaliation for her prior EEO activity, reporting staff misconduct and violations of law, and "speaking up after being mistreated." IAF, Tab 7 at 55-58. The appellant later amended her complaint to include allegations that, in February 2015, she became aware that her second-level supervisor would be reviewing all of her work. *Id.* at 52. She subsequently submitted another amendment, alleging that, on March 27, 2015, she was ordered to stay past her duty hours, and her supervisor challenged her complete work assignments, personally attacked her work integrity, and accused her of violating boundaries. *Id.* at 53. After the appellant resigned, she again amended her EEO complaint, alleging that she felt threatened when alone with her supervisor and that "ongoing harassment, bullying by [her] supervisor and lack of protection from the administration" forced her to resign. *Id.* at 47.

¶8     In addition, in response to the administrative judge's order on jurisdiction, the appellant alleged that the following agency actions created intolerable working conditions: (1) management treated her differently than her coworkers; (2) management moved her from the psychology department to an inmate unit; (3) management did not allow her to supervise an intern; (4) her supervisor and the chief of her department harassed her; (5) she did not receive an outstanding rating on her performance evaluation; (6) a coworker harassed and physically struck her before being escorted out of the building; (7) the Special Investigative Supervisor and Office of Internal Affairs each filed a "case" against her; (8) her supervisor sent her harassing emails on a daily basis and entered her office throughout the day to talk about her performance; (9) she was "blamed for the suicide of an inmate [she] was helping"; (10) management made "slanderous and retaliatory" claims about her and questioned her ethics; (11) her "files were reviewed and not released in a timely manner"; and (12) management denied her request for representation during meetings. IAF, Tab 5 at 3.

¶9     In the initial decision, the administrative judge found that the appellant's stated reasons for resigning—allegations of a stressful work environment, increased scrutiny, and unfair assignments—were insufficient as a matter of law to establish involuntariness. ID at 8. She further found that the appellant's unsupported allegation that a coworker harassed her and physically struck her was insufficient to establish a nonfrivolous allegation of jurisdiction. ID at 8-9. The administrative judge also found that the investigation of the appellant in connection with her former patient's suicide did not render her resignation involuntary. ID at 10. Lastly, the administrative judge found that, when the appellant resigned, she was pursuing her retaliation complaints through the EEO process and that she had a viable option to remain in her position and fight the alleged harassment and retaliation through that process rather than resign. *Id.* Thus, the administrative judge concluded that the appellant failed to nonfrivolously allege that her resignation was involuntary. ID at 10-11.

¶10     On review, the appellant does not identify any particular error in the initial decision but argues again that the agency subjected her to intolerable working conditions that forced her to resign and that its coercive actions were retaliatory and discriminatory.[3]  PFR File, Tab 1.  The appellant's mere disagreement with the administrative judge's well-reasoned findings provides no basis to disturb the initial decision.  *See Davison v. Department of Veterans Affairs*, 115 M.S.P.R. 640, ¶ 9 (2011).  We agree with the administrative judge's determination that the appellant failed to nonfrivolously allege that the agency coerced her resignation through intolerable working conditions.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

---

[3] Although the appellant reiterates many of her allegations from below, she does not renew her contention that the agency created intolerable working conditions when a coworker "harassed and physically struck" her.  PFR File, Tab 1.  We have reviewed the record and agree with the administrative judge's determination that the appellant's unsupported allegation of harassment and physical assault by an unspecified coworker at an unspecified time is insufficient to constitute a nonfrivolous allegation of involuntariness.  ID at 8-10; *see Marcino v. U.S. Postal Service*, 344 F.3d 1199, 1204 (Fed. Cir. 2003) (stating that "unsubstantial speculation in a pleading," unsupported by affidavits or other evidence, does not constitute a nonfrivolous allegation).

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                            /s/ for
                                          Jennifer Everling
                                          Acting Clerk of the Board
Washington, D.C.