NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3250

JUDITH O. BELT,

Petitioner,

v.

DEPARTMENT OF COMMERCE,

Respondent.

_____

DECIDED:  November 2, 2004

_____

Before LOURIE, SCHALL, and LINN, Circuit Judges.

PER CURIAM.

## DECISION

Judith O. Belt appeals from the decision of the Merit Systems Protection Board dismissing her case for lack of jurisdiction.  Belt v. Dep't of Commerce, No. DC-0752-03-0052-I-1 (M.S.P.B. Feb. 20, 2004) ("Initial Decision").  We affirm.

## BACKGROUND

Ms. Belt was a Secretary at the Bureau of the Census, Department of Commerce, until March 2000, when she resigned from her position.  Subsequently, Belt filed an equal employment opportunity ("EEO") complaint and then an appeal to the Board, asserting that her resignation had been coerced and that it was in fact

involuntary. The Administrative Judge ("AJ") determined that Belt had not raised allegations that, if proven, would establish a prima facie case of involuntary retirement. As a result, the AJ held that Belt had not shown that her resignation was involuntary and dismissed the appeal for lack of jurisdiction. Initial Decision, slip op. at 5. Belt petitioned for review by the Board, which concluded that she had not presented any new, previously unavailable evidence. Accordingly, the Board denied her petition for review, making the AJ's initial decision final. Belt v. Dep't of Commerce, No. DC-0752-03-0052-I-1 (M.S.P.B. Mar. 10, 2004). Belt timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

The scope of our review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless it was: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); see Briggs v. Merit Sys. Prot. Bd., 331 F.3d 1307, 1311 (Fed. Cir. 2003).

On appeal, Belt argues that the Board refused to consider her evidence of discrimination and harassment. She alleges discrimination by her supervisors and coworkers based on age, gender, race, and disability. Additionally, Belt claims that she was the target of a pattern of harassment as retaliation for a prior EEO complaint she had filed against the Bureau of the Census and for other grievances that she reported. In response, the Government asserts that the Board properly dismissed Belt's case

because she did not meet her burden of proof and failed to raise nonfrivolous allegations in support of her involuntary resignation claim.

We agree with the Government that the Board correctly dismissed Belt's appeal for lack of jurisdiction. Our analysis begins with the presumption that "[a] decision to resign or retire is . . . voluntary, and an employee who voluntarily retires has no right to appeal to the Board." Staats v. United States Postal Serv., 99 F.3d 1120, 1123-24 (Fed. Cir. 1996). The Board has jurisdiction over an appeal only if the employee can demonstrate that her resignation was involuntary. Id. at 1124. "In order to establish involuntariness on the basis of coercion, an employee must show that the agency effectively imposed the terms of the employee's resignation or retirement, that the employee had no realistic alternative but to resign or retire, and that the employee's resignation or retirement was the result of improper acts by the agency." Id.

Belt has not met her burden to show that her resignation was involuntary. The AJ appropriately considered all of Belt's arguments regarding coercion and harassment in the workplace, ultimately concluding that she "did not allege facts sufficient to make out a prima facie case of discrimination or retaliation on any basis." Initial Decision, slip op. at 4. The AJ properly determined that Belt had not adequately supported her allegations.[*] Moreover, the AJ found that even if Belt's allegations were true, she had other options available to her besides resignation. For example, the AJ noted that Belt could have reported possible criminal activities to the appropriate authorities or filed an EEO complaint requesting that her allegations of discrimination and harassment be

---

[*] Belt did not support her allegation of harassment with affidavits or other evidence, as she was required to do. See Marcino v. U.S. Postal Serv., 344 F.3d 1199, 1204 (Fed. Cir. 2003).

investigated.  Id. at 4-5.  The AJ thus decided that a reasonable person in Belt's position would not have concluded that she had no choice but to retire.  Id. at 5.  Consequently, the AJ properly held that Belt had not rebutted the presumption that her resignation was voluntary.

We therefore conclude that the AJ was correct to dismiss Belt's appeal for lack of jurisdiction.  Because the Board's decision was supported by substantial evidence and was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, we affirm.