NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3376

JAMES A. KOKKINIS,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED:  February 10, 2005

_____

Before MICHEL, Chief Judge, BRYSON, and LINN, Circuit Judges.

BRYSON, Circuit Judge.

## DECISION

James A. Kokkinis petitions for review of the final decision of the Merit Systems Protection Board, Docket No. DA-0752-04-0065-I-1, dismissing his appeal from a decision removing him from his position with the Department of Homeland Security ("the agency").  We affirm.

## BACKGROUND

Mr. Kokkinis, who was previously an Immigration Inspector with the Department of Justice, was hired as a Federal Air Marshal on April 28, 2002.  At that time, he was

under investigation by the Immigration and Naturalization Service for having an inappropriate relationship with an illegal immigrant who was the subject of an FBI narcotics investigation. Mr. Kokkinis did not disclose his relationship or the investigation during his initial personnel security interview with the agency or on his form SF-86, Questionnaire for National Security Positions, as was required. Seventeen months after hiring Mr. Kokkinis, the agency became aware of his relationship and the investigation. The agency subsequently removed Mr. Kokkinis from his position as a Federal Air Marshal.

Mr. Kokkinis filed an appeal to the Board from his termination. The administrative judge who was assigned to his case issued an order advising Mr. Kokkinis that because he was an excepted service employee, he had to satisfy one of two requirements in order to establish that the Board had jurisdiction over his appeal: he had to show either that he had "completed two years of current, continuous service in the same or similar position" or that he was a nonprobationary employee under an initial appointment that was to be converted to position in the competitive service. See 5 U.S.C. § 7511(a)(1)(C). Through counsel, Mr. Kokkinis responded by arguing that the regulations giving the Board jurisdiction over competitive service employees gave the Board jurisdiction in his case. In a supplemental response, Mr. Kokkinis argued that the Board had jurisdiction because he had completed a one-year probationary period in his previous competitive service position as an Immigration Inspector.

The administrative judge dismissed Mr. Kokkinis's appeal for lack of jurisdiction, holding that he was not an employee within the meaning of 5 U.S.C. § 7511. Because Mr. Kokkinis was an excepted service employee, not a competitive service employee,

the administrative judge rejected his argument that he was covered by the regulatory provisions applicable to competitive service provisions, 5 C.F.R §§ 315.805 and 315.806. The administrative judge held that he was not an employee within the meaning of 5 U.S.C. § 7511(a)(1)(C), which applies to persons in the excepted service, because he was not in a position that was to be converted to a competitive service position and because he had not been in the same or similar position for the statutorily required two years. With respect to the latter requirement, the administrative judge noted that Mr. Kokkinis had failed to offer evidence that his previous position as an Immigration Inspector was the same as or similar to his position as a Federal Air Marshal for purposes of that statute.

Proceeding pro se, Mr. Kokkinis petitioned the full Board for review of the initial decision. The Board denied the petition for review, and this appeal followed.

DISCUSSION

1. Mr. Kokkinis first argues that he presented new and material evidence to the full Board that was not available when the record closed, and that the Board therefore should have granted his petition for review of the administrative judge's initial decision. Regulations adopted by the Board authorize the full Board to review the initial decision of an administrative judge if the petitioner can establish that "(1) New and material evidence is available that, despite due diligence, was not available when the record closed; or (2) The decision of the judge is based on an erroneous interpretation of statute or regulation." 5 C.F.R. § 1201.115(d). The full Board's decision not to review the initial decision of the administrative judge based on the submission of new and material evidence is reviewable in this court together with the merits of the initial

decision. See Azarkhish v. Office of Pers. Mgmt., 915 F.2d 675, 678-79 (Fed. Cir. 1990). We review the full Board's decision not to review the initial decision under the "abuse of discretion" standard. Id.

In his petition for review to the full Board, Mr. Kokkinis asserted at some length that his Federal Air Marshal position was similar to his former position as an Immigration Inspector. He contended that the two positions involved similar training and that "[e]very federal officer that travels armed on commercial flights, whether on duty or off, has the same duties and responsibilities" as a Federal Air Marshal. Those assertions, however, did not constitute "new and material evidence that was not available when the record closed." The assertions were not supported by evidence, and in any event Mr. Kokkinis did not explain why he failed to produce evidence regarding the similarity of the two positions before the administrative judge, other than to assert that "[e]ven though the new information/evidence presented by the appellant in his petition for review was available to him prior to the closing of the record, appellant could not present it at the time because he had not yet ascertained to what extent he could present the information without divulging classified information or hurting the image of the Federal Air Marshal Service."

Mr. Kokkinis's explanation for his failure to make a sufficient evidentiary showing before the administrative judge as to the similarity of the two positions in question is wholly inadequate. He admitted that the presentation to the full Board did not constitute new evidence that was not previously available. As for his contention that he was not free to disclose that evidence, there is no indication that he took any steps to arrange to

make that evidence available to the administrative judge, even if the agency would have regarded the evidence as sensitive.

Mr. Kokkinis also argues that in its response to his petition to the full Board, the agency did not dispute that the two positions are similar. He therefore contends that the Board should have accepted his submission on that issue. In fact, the agency did dispute his contention that the positions were similar. Moreover, Mr. Kokkinis had the burden of establishing Board jurisdiction, and his failure to introduce evidence to support his jurisdictional argument is fatal to his claim. Accordingly, we conclude that the Board did not abuse its discretion in not granting his petition for review on the basis of his assertedly new evidence.

2. Mr. Kokkinis next argues that the Board failed to consider his pro se status. That argument is unavailing because Mr. Kokkinis was represented by counsel during the proceedings before the administrative judge; he was pro se only for purposes of his petition for review to the full Board. Furthermore, the administrative judge made it clear to Mr. Kokkinis (and his attorney) that he had the burden of proving that the Board had jurisdiction over his appeal. As a result, Mr. Kokkinis's argument that he should not have been required to "plead the issues with the precision of an attorney" fails not only because he was represented by an attorney before the administrative judge but also because he was informed in clear, straightforward language of exactly what was required for him to establish Board jurisdiction.

3. Mr. Kokkinis contends that he was entitled to a hearing on the issue of Board jurisdiction. The issue of Board jurisdiction is a question of law that we review de novo. See Vesser v. Office of Pers. Mgmt., 29 F.3d 600, 603 (Fed. Cir. 1994). To establish

Board jurisdiction, Mr. Kokkinis needed to make a nonfrivolous allegation, supported by affidavits or other evidence, that the Board had jurisdiction over his appeal. See Campion v. Merit Sys. Prot. Bd., 326 F.3d 1210, 1215 (Fed. Cir. 2003). An appellant does not have a right to a hearing on the issue of Board jurisdiction, but rather must establish Board jurisdiction by making a nonfrivolous allegation of jurisdictional facts through affidavits and other evidence. See Marcino v. U.S. Postal Serv., 344 F.3d 1199, 1202 (Fed. Cir. 2003); Dick v. Dep't of Veterans Affairs, 290 F.3d 1356, 1361 (Fed. Cir. 2002).

In the jurisdictional pleading that he filed with the administrative judge, Mr. Kokkinis based his claim of Board jurisdiction on statutes and regulations that apply only to competitive service employees. In light of the fact that he was an excepted service employee, he was required to show that he was a nonprobationary employee under an initial appointment pending conversion to the competitive service or that he had completed two years of current continuous service in the same or a similar position. 5 U.S.C. § 7511(a)(1)(C); see Forest v. Merit Sys. Prot. Bd., 47 F.3d 409, 412 (Fed. Cir. 1995). In his two responses to the administrative judge's jurisdictional order, Mr. Kokkinis failed to make any showing at all with respect to either of those two statutory grounds for jurisdiction; he therefore failed to make the required nonfrivolous showing of Board jurisdiction. Accordingly, the Board properly dismissed his appeal for lack of jurisdiction and correctly declined to grant him a hearing on the merits of his claim.

04-3376                                                        6