NOTE: This disposition is nonprecedential.

**UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT**

2007-3208

MARILYN R. LEIBOWITZ,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Marilyn R. Leibowitz, of Plainview, New York, pro se.

Jeffrey A. Gauger, Attorney, United States Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were B. Chad Bungard, General Counsel, and Rosa M. Koppel, Deputy General Counsel.

Appealed from: United States Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3208

MARILYN R. LEIBOWITZ,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED:  October 5, 2007

_____

Before LOURIE, GAJARSA, and PROST, Circuit Judges.

PER CURIAM.

## DECISION

Marilyn R. Leibowitz appeals from the decision of the Merit Systems Protection Board ("the Board") dismissing for lack of jurisdiction her appeal from a reduction in grade.  Leibowitz v. Dep't of the Treasury, NY-0351-06-0274-I-1 (M.S.P.B. Mar. 5, 2007) (initial decision dated Oct. 31, 2006).  Because the Board's decision was supported by substantial evidence and in accordance with law, we affirm.

## BACKGROUND

Leibowitz was previously employed as a Territory Manager, GS-15, in Brooklyn, New York, for the Business/Self-Employed Division, Taxpayer Education and

Communications ("TEC") organization of the Internal Revenue Service, Department of the Treasury ("the agency"). During a restructuring of TEC in 2003, the number of territories within the organization was reduced from seventy-six to forty-eight. Leibowitz's Territory Manager position was selected for elimination due to the consolidation.

The agency informed Leibowitz on October 21, 2003, that her position was being eliminated and that she had until July 1, 2004, to find a new position. She was sixty-two years old at that time. Leibowitz filed an equal employment opportunity complaint alleging that age discrimination had been a factor in the elimination of her position, but she received an unfavorable determination on that claim on May 25, 2006. She also applied for two other GS-15 positions in her commuting area but was not selected.

Having been unable to find a position at the same level in the same area, Leibowitz signed a Change to Lower Grade Statement ("the CLGS") on February 16, 2004. Leibowitz later rejected the offer of a $25,000 Voluntary Separation Incentive Payout made by the agency on April 1, 2004. Leibowitz was then transferred to the position of Management and Program Analyst, GS-13, on May 16, 2004, but retained her GS-15 pay. The Notification of Personnel Action for the transfer states that the transfer was at her request. Also, her complaint statement indicates that Leibowitz took the lower grade with salary retention because she had been unable to locate a GS-15 position in her commuting area and feared that she would be terminated if she refused to accept the alternate position that would be assigned to her by the agency if she did not find a position on her own before July 1, 2004. She retired eight months after

starting her new job because, as the Administrative Judge ("AJ") stated, she was disillusioned by the loss of her prior position.

In his Initial Decision on the agency's motion to dismiss the appeal for lack of jurisdiction, the AJ concluded that the Board did not have jurisdiction to hear Leibowitz's appeal concerning alleged discrimination and her reduction in grade because the change in grade was voluntary and a discrimination claim could only be heard in connection with a claim over which the Board had jurisdiction. The AJ's ID became the final decision of the Board. See 5 C.F.R. § 1201.113. Leibowitz timely appealed to this court, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

On appeal, Leibowitz argues that the Board failed to address the evidence supporting her age discrimination claim and that this was error because the alleged discrimination caused her to take a position at a lower grade. She also argues that the agency failed to advise her regarding her rights if she did not sign the CLGS. In response, the government argues that the Board only has jurisdiction over a limited set of adverse actions affecting employees and that the Board correctly concluded that it did not have jurisdiction over a reduction in grade undertaken voluntarily. The government did not respond to Leibowitz's allegation that she was not informed of her rights because she first raised that argument in her reply brief.

We agree with the Board that the AJ's decision was supported by substantial evidence and in accordance with law. The scope of our review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2)

obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); see Briggs v. Merit Sys. Prot. Bd., 331 F.3d 1307, 1311 (Fed. Cir. 2003).

In order for the Board to decide an issue of discrimination, it must have been the basis of "an action which the employee or applicant may appeal to the [Board]." See 5 U.S.C. § 7702(a); Garcia v. DHS, 437 F.3d 1322, 1325 (Fed. Cir. 2006) (en banc). A reduction in grade may be appealed to the Board, 5 U.S.C. § 7512, but the adverse action must have been involuntary, see Garcia, 437 F.3d at 1328. "Under our precedent, the Board does not have jurisdiction if an employee bids for a lower grade position, unless the agency induced the employee to bid for the lower grade job by informing [her] (1) that [her] position had been abolished and (2) that [she] would not be reassigned to a position at the same grade level." Marcino v. USPS, 344 F.3d 1199, 1203 (Fed. Cir. 2003). Application for and acceptance of a lower grade position does not deprive the Board of jurisdiction so long as the application and acceptance are made after the agency informs the employee that she will not be reassigned. Id. As this court has explained:

> [coercive involuntariness] does not apply to a case in which an employee decides to resign or retire because he does not want to accept a new assignment, a transfer, or other measures that the agency is authorized to adopt, even if those measures make continuation in the job so unpleasant for the employee that he feels that he has no realistic option but to leave. As this court has explained, the fact that an employee is faced with an unpleasant situation or that his choice is limited to two unattractive options does not make the employee's decision any less voluntary.

Garcia, 437 F.3d at 1329 (quoting Staats v. USPS, 99 F.3d 1120, 1124 (Fed. Cir. 1996)).

While the agency had clearly informed Leibowitz that her position was being abolished, Leibowitz did not allege that the agency had informed her that she would not be reassigned. Instead, the record indicates that, faced with the possibility that she would be terminated if she refused a reassignment outside her current area of residence, Leibowitz voluntarily chose to accept a reduction in grade with salary retention for a position in her commuting area. A voluntary reduction in grade is not an adverse employment action that may be appealed to the Board, and the Board could not therefore reach the underlying allegation of discrimination. The AJ also found that Leibowitz had made no allegation that she was misled by the agency, and she does not specify any such action or omission by the agency in her appeal.

Because the Board did not arbitrarily apply the jurisdictional requirements for an appeal of an adverse employee action, we <u>affirm</u> its decision.