**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ANDY L. SMITH,
                Appellant,

          v.

UNITED STATES POSTAL SERVICE,
                Agency.

DOCKET NUMBER
DA-0351-13-0595-I-1

DATE: April 14, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Andy L. Smith, Tyler, Texas, pro se.

Elaine K. Champi, Esquire, Washington, D.C., for the agency.

Steven E. Coney, Dallas, Texas, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1    The agency has filed a petition for review of the initial decision, which found that it had improperly demoted the appellant without using required reduction in force (RIF) procedures.  For the reasons discussed below, we

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

GRANT the agency's petition for review, REVERSE the initial decision, and DISMISS the appeal for lack of jurisdiction.

## BACKGROUND

¶2 The events leading up to the filing of this appeal are undisputed. The appellant was employed as a PS-4 Laborer Custodial at the agency's East Texas Processing and Distribution Center (P&DC) in Tyler, Texas. Initial Appeal File (IAF), Tab 7 at 51-52. On May 15, 2013, the agency announced that it was closing that facility and that the duty assignments at that facility were being abolished. *Id.* at 40. On June 25, 2013, the agency directed the appellant, starting July 1, 2013, to report to the Tyler Main Office to board a postal-provided van to ride to the Shreveport, Louisiana P&DC to work temporary assignments until a permanent position was identified. *Id.* at 33-34. The appellant worked a full-time schedule at the Shreveport P&DC, with approximately 4 hours each day traveling to and from the facility and 4 hours spent doing custodial work at the facility. IAF, Tab 35, Initial Decision (ID) at 3. While performing custodial work at the Shreveport P&DC, the appellant's official position of record remained PS-4 Laborer Custodial at the East Texas P&DC, and he was paid as a PS-4 Laborer Custodial, even though that facility had closed. ID at 8, 11.

¶3 The dispositive issue in the case is whether the agency was obligated to use the RIF procedures set forth in 5 C.F.R. part 351, which are required when an agency "releases a competing employee from his or her competitive level by . . . demotion, . . . when the release is required because of" certain conditions, such as lack of work, shortage of funds, insufficient personnel ceiling, or reorganization. 5 C.F.R. § 351.201(a)(2). A "demotion" is defined as a change of an employee, while serving continuously within the same agency, to a lower grade or to a position with a lower rate of pay. 5 C.F.R. § 210.102(a)(4). In concluding that the appellant had been separated from his competitive level by

demotion, the administrative judge found that the appellant: (1) was "released from his position" at the East Texas P&DC when that facility was closed and all the positions therein abolished; and (2) was assigned only to and only performed PS-3 Custodian duties at the Shreveport P&DC and thereby suffered a demotion, despite the fact that he was paid as a PS-4 Laborer Custodial.

¶4    In a timely-filed petition for review, the agency contends that the administrative judge erred in finding that the appellant was released from his PS-4 position at the East Texas P&DC through demotion. Petition for Review (PFR) File, Tab 1.[2] The appellant timely responded; he also filed a petition for enforcement of the interim relief ordered by the administrative judge. PFR File, Tabs 2, 9.[3]

**ANALYSIS**

The administrative judge erred in finding that the appellant established jurisdiction over a RIF appeal.

¶5    The agency argues, among other things, that the administrative judge erred in distinguishing this case from *Dixon v. U.S. Postal Service*, 64 M.S.P.R. 445 (1994), *aff'd sub nom. Scorcia v. U.S. Postal Service*, 77 F.3d 503 (Fed. Cir. 1996) (Table), in which the Board held that the agency was not required to use RIF procedures. In *Dixon*, the Postal Service abolished certain positions as part

---

[2] The agency subsequently filed a motion to dismiss the appeal as moot, in which it presented evidence that, effective June 14, 2014, the appellant was reassigned to a full-time PS-4 Laborer Custodial position at the Longview, Texas Post Office. PFR File, Tab 10. Because of our determination that the administrative judge erred in finding that the appellant was released from his competitive level by demotion, we need not determine whether the appeal is moot.

[3] On June 10, 2014, the appellant filed a "Motion for Leave to Add Additional Pleading to His Response." PFR File, Tab 7. The appellant's motion appears to relate to his allegations that the agency representatives violated the law and certain witnesses may have provided "incredible testimony" at the hearing. *Id.* Because we dismiss the appeal for lack of jurisdiction, we DENY the appellant's motion, as the additional pleading, and his arguments contained therein, are not material to the outcome of the case.

of a nationwide restructuring, and the affected employees were temporarily assigned to agency Placement Centers where they were to obtain other positions within the agency. *Dixon*, 64 M.S.P.R. at 447. During this time, their grade and pay remained the same, and the agency did not issue any documentation reflecting a change in the appellants' tenure groups. *Id.* Subsequently, some of the employees were detailed from the Placement Centers to other positions within the agency, still retaining the same pay, grade, and tenure. *Id.* The Board held that the *Dixon* appellants were not entitled to the substantive protections of part 351 because a detail by its very nature is temporary and involves no formal appointment since the employee continues to be the incumbent of the position from which he was detailed. *Id.* at 450. In rejecting the *Dixon* appellants' argument that they were constructively separated from their permanent positions, the Board observed that their retention rights had not been denigrated compared to other employees because the agency has not determined the retention rights of anyone affected by the restructuring. *Id.* at 451.

¶6        The administrative judge found the instant case distinguishable from *Dixon* in that the record did not indicate that the facility in which the *Dixon* appellants worked had been closed or that they had been detailed to facilities 100 miles away. ID at 9-10. She also noted that the Board emphasized in *Dixon* that the agency "intends to permanently reassign the appellants." ID at 10. The administrative judge did not explain the legal significance of the East Texas P&DC closing and we see no meaningful distinction. The legally relevant point in both cases is that the employees' positions were abolished. Similarly, the administrative judge did not explain why the distance between the East Texas P&DC and the Shreveport P&DC was legally significant, and we see no legal relevance. As for the agency's intent to permanently reassign the appellant to another facility, that does not distinguish the two cases; here, the agency

unequivocally stated its intent to permanently reassign the appellant to another facility. IAF, Tab 7 at 28-30.[4]

¶7    The applicability of *Dixon* was reinforced by a subsequent decision of the Board's reviewing court. *Hayes v. U.S. Postal Service*, 390 F.3d 1373 (Fed. Cir. 2004), involved postal employees whose jobs had been abolished because of technological advances and were reassigned indefinitely as unassigned regular clerks. *Hayes*, 390 F.3d at 1374-75. The court cited *Dixon* approvingly for the proposition that assignment to a temporary "detail" does not constitute a RIF demotion. *Id.* at 1377. In finding that a RIF demotion had not occurred, the court noted that the petitioners had not alleged that the agency informed them that they would not be reassigned to a position at the same level; instead, they were "merely informed" that their positions were being abolished and given a temporary assignment. *Id.* at 1378 (quoting *Marcino v. U.S. Postal Service*, 344 F.3d 1199, 1204 (Fed. Cir. 2003)).

¶8    Having determined that the appellant was not released from his competitive level, we find that it is legally irrelevant whether the duties the appellant performed while working at the Shreveport D&PC were more in the nature of a PS-3 Custodian or a PS-4 Laborer Custodial. We note, however, that a reduction in an employee's duties and responsibilities, by itself, does not constitute a RIF demotion. *Hayes*, 390 F.3d at 1379. We further note that the agency submitted evidence that the duties of the PS-4 Laborer Custodial position include all of the

---

[4] In concluding that the appellant's assignment to the Shreveport P&DC was a permanent demotion, the administrative judge ignored the fact that the appellant had been detailed to two other locations prior to the issuance of the initial decision: to the North Texas P&DC effective December 2, 2013, and subsequently to the Tyler, Texas Post Office. IAF, Tab 28 at 5, Tab 22 at 20; PFR File, Tab 4 at 99 (hearing testimony of District Complement Coordinator). In addition, as noted above, the agency has submitted evidence that it has permanently reassigned the appellant to a PS-4 position at the Longview, Texas Post Office. All of these actions belie the administrative judge's conclusion that assigning the appellant duties at the Shreveport P&DC was a permanent reassignment rather than a temporary detail.

duties of the PS-3 Custodian position.  IAF, Tab 22 at 306-07; PFR File, Tab 4, Hearing Transcript at 75, 86-87, 126, 131-34, 143-44.

The agency complied with its interim relief obligations.

¶9    Having found that the agency had released the appellant from his competitive level by demotion, and that it erred in failing to follow the RIF procedures set forth in 5 C.F.R. part 351, the administrative judge ordered the agency to comply with the required RIF procedures.  ID at 12.  She further ordered that, should the agency petition for review of the initial decision, it must provide interim relief to the appellant in accordance with 5 U.S.C. § 7701(b)(2)(A).  ID at 12.  With its petition for review, the agency provided a certification of compliance with the interim relief order, which included a letter to the appellant explaining that:  it was arguing in its petition for review that the administrative judge lacked the authority to order the agency to conduct a RIF; the agency had made a determination that it would be unduly disruptive to restore him during the interim relief period; and that it had continuously maintained him in its personnel/payroll systems as a permanent full-time PS-4/ Laborer Custodial in the regular workforce at the East Texas P&DC, and would continue to do so.  PFR File, Tab 1 at 29-32.  The appellant filed a motion to enforce the interim relief order, in which he complained that he had not been deemed eligible for overtime while detailed to work in Longview and Tyler, Texas.  PFR File, Tab 9.

¶10    The Board's regulations do not provide for petitions for enforcement of interim relief orders; such petitions apply only to final Board decisions.  5 C.F.R. § 1201.182(a).  The Board's regulations, however, do allow an appellant to challenge an agency's certification that it has provided interim relief, and the Board may dismiss a petition for review if it finds the agency to be in noncompliance with its interim relief obligations.  5 C.F.R. § 1201.116(b), (e).  The Board's authority in such cases is limited to determining whether the agency made an undue disruption determination and whether the appellant is receiving appropriate pay and benefits.  *McDonald v. Department of Veterans Affairs*,

86 M.S.P.R. 539, ¶ 7 (2000). Here, it is undisputed that the agency made an undue disruption determination and that the appellant has been paid and provided benefits as a PS-4 Laborer Custodial at all times pertinent to this appeal. We further note that the Board has held that it cannot demand that an agency conduct a RIF as a final remedy. *See Manescalchi v. U.S. Postal Service*, 74 M.S.P.R. 479, 484 (1997). Therefore, it would be improper for us to order the agency to conduct a RIF as interim relief.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and

Appellants," which is contained within the court's <u>Rules of Practice</u>, and <u>Forms</u> 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at <u>http://www.mspb.gov/probono</u> for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.