## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MARVIN BRUCE DILLION,
              Appellant,

       v.

UNITED STATES POSTAL SERVICE,
              Agency.

DOCKET NUMBER
CH-0752-16-0127-I-1

DATE: December 2, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Janet Anne Jones, Harrodsburg, Kentucky, for the appellant.

Christin Kim, Esquire, and Jennifer S. Breslin, Esquire, Philadelphia, Pennsylvania, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant held the position of Mail Handler Technician for the U.S. Postal Service (agency). Initial Appeal File (IAF), Tab 7 at 21. In December 2014, the agency notified him that he would be removed for violating a last chance agreement signed earlier that same year. *Id*. at 25-29. The agency effectuated the removal in April 2015. *Id*. at 21.

¶3 The appellant filed the instant appeal, challenging his removal. IAF, Tab 1. The administrative judge ordered him to meet his jurisdictional burden. IAF, Tabs 9, 14. In doing so, she explained that only certain U.S. Postal Service employees have Board appeal rights. IAF, Tab 9 at 1. She also explained that the last chance agreement may preclude him from establishing jurisdiction. IAF, Tab 14 at 2. The appellant responded, asserting that he is a preference-eligible employee with Board appeal rights. IAF, Tab 10 at 4, 8-9. He then argued that the Board has jurisdiction over the matter because the parties entered into the last chance agreement by mutual mistake. IAF, Tab 15 at 3. The mistake he asserted was that neither party was aware of his status as a preference eligible when they entered into the agreement. *Id*. In a subsequent pleading, the appellant argued that he provided the agency with documentation of his preference-eligible status

upon hire and the agency erroneously coded his personnel documents otherwise. IAF, Tab 17 at 3.

¶4 Without holding the requested hearing, the administrative judge dismissed the appellant's appeal for lack of jurisdiction. IAF, Tab 18, Initial Decision (ID). She found that the appellant failed to nonfrivolously allege that he was a preference eligible with Board appeal rights.[2] ID at 2-3. The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response. PFR File, Tab 3.

¶5 If an appellant makes a nonfrivolous allegation that the Board has jurisdiction over an appeal, he is entitled to a hearing on the jurisdictional question. *Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994). Nonfrivolous allegations of Board jurisdiction are allegations of fact which, if proven, could establish a prima facie case that the Board has jurisdiction over the matter in issue. *Id.* In assessing whether an appellant has made nonfrivolous allegations entitling him to a jurisdictional hearing, an administrative judge may consider the agency's documentary submissions; however, to the extent the agency's evidence contradicts the appellant's otherwise adequate prima facie showing of jurisdiction, the administrative judge may not weigh evidence and resolve conflicting assertions, and the agency's evidence may not be dispositive. *Id.*

¶6 As the administrative judge properly noted, a U.S. Postal Service employee may appeal a removal action under 5 U.S.C. chapter 75 only if he is covered by 39 U.S.C. § 1005(a) or 5 U.S.C. § 7511(a)(1)(B)(ii). *See* 5 U.S.C. § 7511(b)(8); IAF, Tab 9 at 1; ID at 2. Thus, to appeal a removal or other adverse action under chapter 75, a Postal employee (1) must be a preference eligible, a management or supervisory employee, or an employee engaged in personnel work in other than a

---

[2] The administrative judge did not address the timeliness of the appellant's appeal or whether the appellant presented nonfrivolous allegations that the last chance agreement was the result of mutual mistake. ID.

purely nonconfidential clerical capacity, and (2) must have completed 1 year of current continuous service in the same or similar positions. *Hamilton v. U.S. Postal Service*, 123 M.S.P.R. 404, ¶ 17 (2016).

¶7        In his application for employment, the appellant indicated that he had prior military service, but he denied having any veterans' preference. IAF, Tab 7 at 46. In this appeal, the appellant alleges otherwise. *E.g.*, IAF, Tab 10 at 4. He asserts that he is preference-eligible based upon a disability. *Id.*; *see generally* 5 U.S.C. §§ 2108(2), (3)(C) (establishing that a preference-eligible veteran includes an individual who served on active duty in the armed forces, was separated under honorable conditions, and has an established service-connected disability). To support this claim, the appellant submitted a single document consisting of two pages. IAF, Tab 10 at 8-9. The administrative judge found the document insufficient for purposes of nonfrivolously alleging that the Board has jurisdiction over the appeal. ID at 2-3. We agree.

¶8        The evidence the appellant provided in support of his preference-eligible claim contains no agency seal, signature, or other marking to establish its source. IAF, Tab 10 at 8-9. Instead, the document is nondescript, partially illegible, and generically titled "Information Report." *Id*. The document does include the appellant's name, as well as the notation, "Entitlement: Disability Compensation – Persian Gulf War." *Id*. at 8. However, as the administrative judge rightly noted, the Gulf War occurred in the early 1990s, well before the appellant's military service, which spanned January 1997 to January 2001. ID at 3; *compare* IAF, Tab 10 at 3, *with* IAF, Tab 8 at 8.

¶9        On review, the appellant reasserts that the aforementioned document establishes that he has been collecting compensation from the Department of Veterans Affairs since 2001 because he was "injured during the gulf war." PFR File, Tab 1 at 3. We disagree. The document is ambiguous, and the appellant has provided no argument or evidence to resolve that ambiguity. He has not identified the document's source, provided more legible copies, or explained the

inconsistency between claims of a Gulf War injury and his dates of service, which fall outside the time frame of the Gulf War.

¶10       The appellant argues that the administrative judge improperly credited the agency's evidence. *Id.* Again, we disagree. Although the administrative judge considered evidence submitted by the agency, including the appellant's application for employment and a DD-214 identifying his dates of military service, she did not credit that evidence over conflicting evidence presented by the appellant. ID at 2-3. Instead, she recognized that the agency's evidence suggested that the appellant was not preference eligible, and the appellant failed to present nonfrivolous arguments and evidence to the contrary. *Id.*; *see generally Marcino v. U.S. Postal Service*, 344 F.3d 1199, 1204 (Fed. Cir. 2003) (recognizing that mere conclusory allegations, unsupported by evidence or argument, do not constitute nonfrivolous allegations); *Briscoe v. Department of Veterans Affairs*, 55 F.3d 1571, 1573 (Fed. Cir. 1995) (recognizing that "[a]lthough an appellant need not prove her entire case before she is entitled to a hearing, the [B]oard may request sufficient evidence to determine if, in the first instance, there is any support for what otherwise might be bald allegations"). Accordingly, we affirm the initial decision, dismissing the appeal for lack of jurisdiction.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law and other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.