**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| JOHN MONTGOMERY,<br>          Appellant, | DOCKET NUMBER<br>DC-0752-16-0641-I-1 |
| v. | |
| DEPARTMENT OF ENERGY,<br>          Agency. | DATE: December 28, 2016 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

John Montgomery, Midland, Michigan, pro se.

Jocelyn Richards and Michele A. Forte, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his alleged involuntary retirement appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

### DISCUSSION OF ARGUMENTS ON REVIEW

¶2        Prior to the alleged involuntary retirement at issue in this appeal, the agency employed the appellant as a GS-15 Management Analyst.  Initial Appeal File (IAF), Tab 4 at 20.  On August 11, 2015, the appellant and the agency entered into a settlement agreement resolving his equal employment opportunity (EEO) complaint.  *Id.* at 21-24.  In relevant part, the appellant agreed to withdraw his claims against the agency and to resign no later than April 30, 2016, and the agency agreed to reassign him to a new position, place him in a limited‑term 100% regular telework status, and to pay him a lump sum payment of $40,000. *Id.* at 21‑22.  The appellant also agreed that, if he failed to resign by April 30, 2016, he would be required to return the $40,000 lump sum payment, his telework agreement would expire, and he would be required to report for duty at his regular duty station on May 2, 2016.  *Id.* at 22.  The appellant retired effective April 30, 2016.[2]  *Id.* at 20, 41-42.

---

[2] On several occasions prior to his retirement, the appellant contacted the agency alleging breach of the settlement agreement.  IAF, Tab 4 at 26, 31, 35.  In three final agency decisions (FADs), the agency determined that it had not breached the settlement

¶3        On June 7, 2016, the appellant appealed his alleged involuntary retirement to the Board and requested a hearing.  IAF, Tab 1 at 1-2.  The appellant alleged that:  he was forced to retire "due to harassment, discrimination, hostile working conditions and retaliation"; "[t]he action voluntarily taken by the agency against me was a product of misinformation or deception"; and "[s]uch action was a product of Agency's coercive actions that made working conditions so difficult or unpleasant that a reasonable person in my position would have felt compelled to resign, retire, or take demotion."  *Id.* at 5.  The administrative judge issued a jurisdictional order informing the appellant that the Board lacks jurisdiction over voluntary actions, such as resignations and retirements, and ordered him to submit evidence and argument amounting to a nonfrivolous allegation that his retirement was involuntary because of duress, coercion, or misrepresentation by the agency.  IAF, Tab 2 at 2-4.  The agency moved to dismiss the appeal for lack of jurisdiction and as untimely filed.  IAF, Tab 4 at 5-9.  Without holding the requested hearing, the administrative judge issued an initial decision finding that the appellant failed to make a nonfrivolous allegation that his retirement was involuntary and dismissing the appeal for lack of jurisdiction.  IAF, Tab 11, Initial Decision (ID) at 8-11.[3]

---

agreement as alleged by the appellant.  *Id.* at 25, 30, 35.  The appellant appealed the FADs to the Equal Employment Opportunity Commission's Office of Federal Operations (OFO), which affirmed each of the FADs.  *Id.* at 25-28, 30-33, 35-38.  In each of its decisions, OFO found that the settlement agreement was "valid and binding on both parties."  *Id.* at 27, 32, 37.

[3] The administrative judge also found that the Board was collaterally estopped from reviewing the validity of the settlement agreement because the identical issue was determined by OFO in the prior EEO actions; the validity determination was necessary to the resulting OFO decisions; and the appellant was fully represented in the prior EEO actions.  ID at 8; IAF, Tab 4 at 25-28, 30-33, 35-38.  Accordingly, the administrative judge adopted OFO's finding that the settlement agreement was "valid and binding on both parties."  ID at 8.  The appellant does not challenge this finding on review, PFR File, Tabs 1, 4, and we discern no basis to disturb it.

¶4        The appellant has filed a petition for review of the initial decision, the agency has responded in opposition, and he has replied to the agency's opposition.  Petition for Review (PFR) File, Tabs 1, 3‑4.

¶5        Generally, the Board lacks the authority to review an employee's decision to retire, which is presumed to be a voluntary act.  *Brown v. U.S. Postal Service*, 115 M.S.P.R. 609, ¶ 9, *aff'd*, 469 F. App'x 852 (Fed. Cir. 2011).  However, an appellant may overcome the presumption of voluntariness by showing that his retirement was the product of misinformation or deception by the agency, or of coercive acts by the agency, such as intolerable working conditions or the unjustified threat of an adverse action.  *SanSoucie v. Department of Agriculture*, 116 M.S.P.R. 149, ¶ 14 (2011).  An appellant is only entitled to a jurisdictional hearing over an alleged involuntary retirement if he makes a nonfrivolous allegation casting doubt on the presumption of voluntariness.  *Id.*, ¶ 16.  Nonfrivolous allegations of Board jurisdiction are allegations of fact that, if proven, could show Board jurisdiction over the matter at issue.  *Id.*

¶6        The doctrine of coerced involuntariness is "a narrow one."  *Staats v. U.S. Postal Service*, 99 F.3d 1120, 1124 (Fed. Cir. 1996).  To establish involuntariness on the basis of coercion, an employee must show that:  the agency effectively imposed the terms of his retirement; he had no realistic alternative but to retire; and his retirement was the result of improper acts by the agency.  *Id.*  "[T]he fact than an employee is faced with an unpleasant situation or that his choice is limited to two unattractive options does not make [his] decision any less voluntary."  *Staats*, 99 F.3d at 1124.  The Board must determine whether, considering the totality of the circumstances, the employee's working conditions were made so difficult that a reasonable person in the employee's position would have felt compelled to retire.  *Brown*, 115 M.S.P.R. 609, ¶ 10.

¶7        Here, the appellant alleged that the agency made his working conditions intolerable and coerced his retirement by, among other things, refusing to "meet or speak to [him]"; denying him contact with other employees needed to complete

his duties; harassing him by "sending him demanding emails"; threatening him by stating "you know what is going to happen to you if you do not resign"; refusing his request for medical leave; refusing to allow him to "fully work in the job description assigned to [him]"; giving him an impossible performance plan; placing him on a performance improvement plan; denying him union representation; reassigning him to work for one of his past subordinate employees; attempting to force him to commit a crime; attempting to cover up sexual harassment; and using the settlement agreement to "justify … hostile working conditions." IAF, Tab 5 at 4-5. The administrative judge found, however, that these allegations were insufficient to constitute a nonfrivolous allegation that his retirement was involuntary. ID at 9-11.

¶8     On review, the appellant argues that the administrative judge erred in finding his retirement voluntary and reiterates that the agency subjected him to intolerable working conditions by failing to remove the supervisor he accused of sexually harassing two females, attempting to have the appellant commit a crime, and generally treating the appellant in a "horrible," "extraordinary," and "egregious" manner. PFR File, Tab 1 at 4-7, Tab 4 at 4-6. He also asserts, as he did below, that, "[h]is supervisor sent [him] a threating [sic] email stating 'if you do not resign you know what is going to happen to you[.]'" *Id.* at 4. According to the appellant, this threat placed him "under duress and coercion." *Id.*

¶9     The alleged threat by the appellant's supervisor regarding what would happen if the appellant did not resign or retire clearly refers to the terms of the settlement agreement, which provided that, if the appellant did not resign by April 30, 2016, he would be obligated to return the lump sum payment and report to his duty station on May 2, 2016. IAF, Tab 4 at 22. As stated above, the fact that an employee must choose between two unpleasant options does not render his ultimate choice involuntary. *Staats*, 99 F.3d at 1124. Thus, the fact that the appellant had to choose between retiring and repaying the lump sum payment and

returning to his prior duty station pursuant to the settlement agreement does not make his choice to retire involuntary.

¶10    While the appellant's allegations regarding sexual harassment and the agency's alleged attempt to have him "commit a crime" could be coercive, the appellant failed to provide any details or evidence in support of these bare contentions. *Id.* Accordingly, we find that his vague and generalized allegations, unsupported by any specific factual allegations, fail to raise a nonfrivolous allegation of jurisdiction over this appeal. *See Marcino v. U.S. Postal Service*, 344 F.3d 1199, 1204 (Fed. Cir. 2003) (finding that mere conclusory allegations, unsupported by evidence or argument, do not constitute nonfrivolous allegations).

¶11    We have considered the appellant's other arguments regarding the alleged intolerable working conditions created by the agency, but agree with the administrative judge that the incidents alleged do not evince the type of intolerable working conditions that would compel a reasonable person in the appellant's position to retire. ID at 9-10; *see, e.g.*, *Searcy v. Department of Commerce*, 114 M.S.P.R. 281, ¶ 13 (2010) (finding that the employee's allegations that his supervisor denied his request for advanced leave, spoke to him in a disrespectful way, and did not provide him any assistance with his work assignments did not evince intolerable working conditions).

¶12    The appellant further argues on review that the administrative judge erred in finding that, in the settlement agreement, he agreed to retire because "[t]he settlement agreement never mentions the word *retirement* and clearly did not state what would happen to the appellant if he did not retire." PFR File, Tab 1 at 4-5 (emphasis in original). The appellant is correct that the settlement agreement states that he agreed to "resign," rather than "retire." IAF, Tab 4 at 22. However, the wording of the settlement agreement and the appellant's intentions when he entered into the settlement agreement have no relevance to the voluntariness of his ultimate decision to retire. *See Staats*, 99 F.3d at 1124.

¶13    The appellant also argues that the administrative judge was biased against him because she: informed the appellant that "these types of cases are hard to prove"; "did not give the appellant an opportunity to compel the agency to produce documents"; and "gave discretion to the agency assuming they [sic] told the truth and that the settlement agreement allowed the agency to not be accountable for a constructive discharge of Appellant." PFR File, Tab 1 at 4. In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). Furthermore, an administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions evince "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Here, the appellant has not pointed to any evidence that the administrative judge was biased or prejudiced against him, or that she displayed favoritism or antagonism in the proceedings below. Accordingly, we find no merit to the appellant's complaints of bias.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27,

2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law and other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:               _____
                             Jennifer Everling
                             Acting Clerk of the Board

Washington, D.C.