**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

PATTI FENSTERMACHER,
    Appellant,

  v.

DEPARTMENT OF LABOR,
    Agency.

DOCKET NUMBER
PH-0752-16-0469-I-1

DATE: March 15, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Sigmund Kozierachi</u>, Philadelphia, Pennsylvania, for the appellant.

<u>Jennifer L. Bluer</u>, Esquire, Philadelphia, Pennsylvania, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

**FINAL ORDER**

¶1   The appellant has filed a petition for review of the initial decision, which dismissed her alleged involuntary retirement appeal for lack of jurisdiction.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      Effective September 30, 2014, the appellant retired from her position as a GS-7 Economic Assistant. Initial Appeal File (IAF), Tab 17 at 79. Thereafter, she filed a formal complaint of discrimination alleging that the agency discriminated against her and subjected her to a hostile work environment that forced her to retire. IAF, Tab 7 at 20-33. The agency's Civil Rights Center issued a final agency decision (FAD) dated August 15, 2016, finding that the appellant failed to establish that the agency subjected her to unlawful disparate treatment or a hostile work environment based on age, disability, or prior equal employment opportunity (EEO) activity and failed to establish that her retirement amounted to a constructive discharge. IAF, Tab 6 at 21-82, Tab 7 at 4-18. The FAD notified the appellant of her right to appeal her alleged constructive discharge to the Board, and this appeal timely followed. IAF, Tab 1, Tab 7 at 18.

¶3      The administrative judge issued a jurisdictional order informing the appellant that the Board lacks jurisdiction over voluntary actions, such as retirements, and ordering her to submit evidence and argument amounting to a nonfrivolous allegation that her retirement was involuntary because of duress, coercion, or misrepresentation by the agency.  IAF, Tab 2 at 2-3.  In response, the appellant alleged that, from 2012 through September 2014, her supervisor and the Assistant Commissioner of the Bureau of Labor Statistics (Assistant Commissioner) engaged in a series of events that made her working conditions intolerable and forced her to retire.  IAF, Tab 23 at 4-7.  The agency moved to dismiss the appeal for lack of jurisdiction.  IAF, Tab 8.

¶4      The administrative judge issued an initial decision finding that the appellant failed to nonfrivolously allege that her retirement was involuntary.  IAF, Tab 26, Initial Decision (ID).  Therefore, he denied her request for a hearing and dismissed the appeal for lack of jurisdiction.  ID at 4.  The appellant has filed a petition for review of the initial decision and a supplement to her petition for review, the agency has responded in opposition, and the appellant has replied to the agency's response.  Petition for Review (PFR) File, Tabs 1, 3-5.[3]

---

[3] The appellant requested and received a 30-day extension of time to file a supplement in support of her petition for review.  PFR File, Tab 1 at 4, Tab 2 at 1.  Thereafter, she timely filed a supplemental petition for review, which includes 52 pages of documents dated between 2010 and 2014.  PFR File, Tab 3 at 17-69.  The Board generally will not consider evidence submitted for the first time on review absent a showing that the documents and the information contained in the documents were unavailable before the record closed despite due diligence, and that the evidence is of sufficient weight to warrant an outcome different from that of the initial decision.  *See Cleaton v. Department of Justice*, 122 M.S.P.R. 296, ¶ 7 (2015), *aff'd,* 839 F.3d 1126 (Fed. Cir. 2016); 5 C.F.R. § 1201.115(d).  Here, the appellant has not alleged or shown that the documents, which all predate the November 5, 2016 close of the record, were unavailable below or that they are material to the dispositive issue on review.  IAF, Tab 2 at 3, Tab 4; PFR File, Tabs 1, 3, 5.  Therefore, we do not consider them for the first time on review.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5      Generally, the Board lacks the authority to review an employee's decision to resign or retire, as these decisions are presumed to be voluntary acts. *Brown v. U.S. Postal Service*, 115 M.S.P.R. 609, ¶ 9, *aff'd*, 469 F. App'x 852 (Fed. Cir. 2011). An involuntary resignation or retirement, however, is tantamount to a removal and is therefore subject to the Board's jurisdiction. *Vitale v. Department of Veterans Affairs*, 107 M.S.P.R. 501, ¶ 17 (2007). An employee may overcome the presumption of voluntariness by showing that her resignation or retirement was the product of misinformation or deception by the agency, or of coercive acts by the agency, such as intolerable working conditions or the unjustified threat of an adverse action. *SanSoucie v. Department of Agriculture*, 116 M.S.P.R. 149, ¶ 14 (2011). If the employee makes a nonfrivolous allegation of jurisdiction, i.e., an allegation that, if proven, could establish the Board's jurisdiction, she is entitled to a hearing at which she must prove jurisdiction by a preponderance of the evidence.[4] *Vitale*, 107 M.S.P.R. 501, ¶ 18.

¶6      When, as here, an employee alleges that intolerable working conditions forced her to retire, the Board will find her retirement involuntary only if she demonstrates that the agency engaged in a course of action that made working conditions so difficult or unpleasant that a reasonable person in her position would have felt compelled to retire. *Id.*, ¶ 20. The doctrine of coerced involuntariness is "a narrow one" and does not apply if the employee retires because she "does not want to accept [measures] that the agency is authorized to adopt, even if those measures make continuation in the job so unpleasant . . . that [she] feels that [she] has no realistic option but to leave." *Staats v. U.S. Postal Service*, 99 F.3d 1120, 1124 (1996). The touchstone of the "voluntariness"

---

[4] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

analysis is whether, considering the totality of the circumstances, factors operated on the employee's decision-making process that deprived her of freedom of choice. *Vitale*, [107 M.S.P.R. 501](#), ¶ 19.

¶7     Here, in her formal EEO complaint and her response to the administrative judge's order on jurisdiction, the appellant alleged that her supervisor and the Associate Commissioner created intolerable working conditions from 2012 through 2014 by, among other things:  finding that she failed a November 6, 2012 "Commodities and Services Observation" (observation); harassing her about failing the observation; informing her 7 months later in May 2013 that she had not actually failed the observation; rating her at an "effective level" on her 2012-2013 annual performance review; failing to timely reimburse her for travel expenses and damages sustained to her vehicle while on work duty; delaying her promotion; questioning her travel vouchers, sick leave, and overtime usage; admonishing her on one occasion for not informing her supervisor in advance that she would be taking sick leave; placing her on two "unofficial" performance improvement plans (PIP); violating her reasonable accommodation that allowed her to work from home by instructing her to code housing units that she was unable to personally visit as "unable to contact" instead of reassigning them to another employee, which negatively affected her production record; overloading her with work; causing a reduction in the number of hours she was available to work without reducing her workload on one occasion; postponing an EEO meeting because it would have caused her to go into overtime; and subjecting her to two investigative interviews.  IAF, Tab 7 at 20-33; Tab 23 at 4-7.  She further alleged that all of the agency's actions were discriminatory and retaliatory and created a hostile work environment.  IAF, Tab 7 at 20-33.

¶8     In the initial decision, the administrative judge found that the appellant's allegations of a distasteful work environment, personal conflicts with supervisors, and a sluggish bureaucratic agency that was slow to respond to her requests did not amount to a nonfrivolous allegation of intolerable work conditions.  ID

at 9-10. In particular, he noted that, although the appellant was frustrated by delays in correcting a purported error in her 2012 observation and in processing her reimbursements and promotion, she ultimately received the outcome she sought and that there was no evidence that the delays were a tactic used by the agency to force her into retirement. ID at 10. He further found that her apparent discontent with work assignments and instructions from her supervisors did not force her to retire. ID at 10-11. In addition, the administrative judge found that the appellant's allegations of discrimination based on age and disability and retaliation for prior protected activity did not raise a nonfrivolous allegation of involuntariness. ID at 12-13. Thus, the administrative judge found that the appellant failed to make a nonfrivolous allegation that her retirement was involuntary. ID at 14. On review, the appellant challenges these findings and argues again that the previously described series of events establishes that her retirement was involuntary.[5] PFR File, Tabs 1, 3, 5. For the reasons that follow, we find no basis to disturb the administrative judge's well-reasoned determination that the appellant has failed to nonfrivolously allege intolerable working conditions that would have compelled a reasonable person to retire.

¶9        An employee is not guaranteed a stress-free working environment. *Brown*, 115 M.S.P.R. 609, ¶ 15; *Miller v. Department of Defense*, 85 M.S.P.R. 310, ¶ 32 (2000). Dissatisfaction with work assignments, a feeling of being unfairly criticized, or difficult or unpleasant working conditions are generally not so intolerable as to compel a reasonable person to resign or retire. *Brown*, 115 M.S.P.R. 609, ¶ 15; *Miller*, 85 M.S.P.R. 310, ¶ 32. Thus, the appellant's

---

[5] The appellant also argues on review that the administrative judge mischaracterized the basis of her discrimination and retaliation claim, her position title, and her retirement date. PFR File, Tab 3 at 5-7. We have considered these allegations but find that they provide no basis to disturb the initial decision. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (holding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

allegations of an inconvenient and unpleasant work environment—such as management "overloading" her with work, failing to timely process her reimbursements and correct her observation, postponing a meeting, and questioning her regarding her use of sick leave, overtime, and travel vouchers— do not evince the type of intolerable working conditions that would compel a reasonable person to retire. *See Brown*, 115 M.S.P.R. 609, ¶ 15. Likewise, her dissatisfaction with certain work assignments and instructions by her supervisor, such as directing her to code specific housing units as "unable to contact," rather than reassigning them to another employee, do not render her working conditions intolerable. *Id.*

¶10      The appellant's allegations that the agency coerced her retirement by giving her an "effective" performance rating, delaying a promotion to which she believed she was entitled, and placing her on "unofficial" PIPs also fail to establish a nonfrivolous allegation of involuntariness. It is well settled that a retirement is not involuntary if the employee had a choice of whether to retire or to contest the validity of the agency action. *See Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1329 (Fed. Cir. 2006) (en banc) (quoting *Christie v. United States*, 518 F.2d 584, 587 (1975)). Moreover, "the fact that an employee is faced with an unpleasant situation or that [her] choice is limited to two unattractive options does not make [her] decision any less voluntary." *Staats*, 99 F.3d at 1124. Here, the appellant's choice between challenging her performance rating, the delayed promotion, and the alleged unofficial PIPs through the appropriate channels or retiring did not render her ultimate choice to retire involuntary. *Id.* Likewise, the appellant's contention that her supervisor forced her to code certain housing unit visits as "unable to contact," rather than reassigning them, which could have negatively affected her production rate, does not establish intolerable working conditions because she could have chosen to challenge any resulting agency action based on such production issues rather than retiring. *Id.*; *Holman v. Department of the Treasury*, 9 M.S.P.R. 218, 220 (1981)

(concluding that fear of a possible future adverse action did not rebut the presumption of voluntariness).

¶11    In addition, the appellant's allegation that she was forced to attend two investigative interviews, at which her supervisor and another individual "interrogated" her, does not constitute a nonfrivolous allegation of involuntariness. *See Baldwin v. Department of Veterans Affairs*, 109 M.S.P.R. 392, ¶¶ 19-20 (2008) (finding that an appellant's allegation that the agency subjected him to, among other things, "unwarranted investigations" did not constitute a nonfrivolous allegation of involuntariness). Moreover, her allegation that she was "interrogated" during these investigative interviews is vague and unsupported and, therefore, is insufficient to constitute a nonfrivolous allegation of involuntariness. *See Marcino v. U.S. Postal Service*, 344 F.3d 1199, 1204 (Fed. Cir. 2003) (stating that "unsubstantial speculation in a pleading," unsupported by affidavits or other evidence, does not constitute a nonfrivolous allegation).

¶12    Lastly, as the administrative judge correctly found, the appellant's allegations that the agency's actions were retaliatory or discriminatory are insufficient on their own to establish that her retirement was involuntary. ID at 10. The Board addresses discrimination and reprisal allegations in connection with an alleged involuntary retirement only insofar as they relate to the issue of voluntariness, i.e., whether, under all of the circumstances, the agency made the appellant's working conditions so difficult that a reasonable person in her position would have felt compelled to retire. *Vitale*, 107 M.S.P.R. 501, ¶ 20. Here, the appellant's allegation that the agency acted in a retaliatory or discriminatory manner, even if true, does not establish that the agency engaged in

a course of conduct that made her working conditions so difficult that a reasonable person in her position would have felt compelled to retire.[6]

¶13    In light of the foregoing, we find that the administrative judge properly dismissed this appeal for lack of jurisdiction without holding the appellant's requested hearing.

## NOTICE OF APPEAL RIGHTS[7]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[6] On review, the appellant argues for the first time that the agency retaliated against her for alleged disclosures in 2013 and June 2014. PFR File, Tab 1 at 10, Tab 3 at 6, 13. The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). The appellant has made no such showing here. PFR File, Tab 1 at 10, Tab 3 at 6, 13. Moreover, her allegations of whistleblower reprisal do not establish that the agency coerced her retirement and, therefore, would not warrant a different outcome in this appeal. *See Vitale*, 107 M.S.P.R. 501, ¶ 20.

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

(1) **Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[8]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

/s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.